NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S.,**
*Plaintiff-Appellee*

**AMERICAN CAST IRON PIPE COMPANY, BERG STEEL PIPE CORP., BERG SPIRAL PIPE CORP., DURA-BOND INDUSTRIES, STUPP CORPORATION, AMERICAN LINE PIPE PRODUCERS ASSOCIATION, GREENS BAYOU PIPE MILL, LP, JSW STEEL (USA) INC., SKYLINE STEEL, TRINITY PRODUCTS LLC, WELSPUN TUBULAR LLC,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant*

---

2022-1502

---

Appeal from the United States Court of International Trade in Nos. 1:19-cv-00056-JAR and 1:19-cv-00080-JAR, Senior Judge Jane A. Restani.

---

**ON MOTION**

---

Before LOURIE, CHEN, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

Borusan Mannesmann Boru Sanayi ve Ticaret A.S. moves for summary affirmance of the judgment of the United States Court of International Trade (CIT). Appellants oppose the motion. Borusan replies.

This is the second time this antidumping duty investigation on imports of Borusan's welding pipes has been before the court. *See Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. Am. Cast Iron Pipe Co.*, 5 F.4th 1367, 1377 (Fed. Cir. 2021) (sustaining the Department of Commerce's original post-sale price adjustment determination). Following our mandate and remand, Commerce recalculated Borusan's estimated dumping margin without adjustment for a cost-based particular market situation (PMS), which resulted in a zero-dumping margin finding.

Appellants filed comments in opposition to those final results at the CIT, arguing that Commerce had erred in not making a PMS adjustment and that the applicable statutes allowed for a PMS adjustment where the sales-below-cost test is utilized. The CIT rejected that argument. Appellants then filed this appeal. Their docketing statement reflects just one issue on appeal: Whether "Commerce has the authority to make an adjustment to reported costs of production based on a finding of a Particular Market Situation for purposes of the sales-below-cost test." ECF No. 7 at 2.*

---

* The only other issue Appellants raised before the CIT was the argument that the court should not enter a favorable judgment to Borusan on an issue that Commerce declined to examine after finding it would not alter the dumping margin. The CIT sided with Appellants, finding that it did not need to address that issue.

We agree with Borusan that summary affirmance is appropriate here because the merits of the parties' positions are so clear that "no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).  This court in *Hyundai Steel Co. v. United States*, 19 F.4th 1346, 1348 (Fed. Cir. 2021), squarely held that "the 2015 amendments to the antidumping statute do not authorize Commerce to use the existence of a PMS as a basis for adjusting a respondent's costs of production to determine whether a respondent has made home market sales below cost."

While recognizing *Hyundai Steel* could potentially resolve this case, Appellants had opposed summary affirmance on the ground that *Hyundai Steel* was not final, prompting this court to hold this motion in abeyance.  But since that time, this court's mandate in *Hyundai Steel* issued, and no party sought review of that decision at the Supreme Court.  In response to our order on how to proceed, Appellants now briefly attempt a new argument, that this case and *Hyundai Steel* "have a much different factual posture that merits consideration," as "the instant case is an appeal of an original investigation, which determines the very existence of an antidumping duty order established by the Commerce Department, as opposed to an appeal of an administrative review that merely decreased the applicable dumping margins under an existing order, as in *Hyundai*." ECF No. 18 at 2.  But they fail to provide any basis for how that could result in a different outcome.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The CIT's judgment is summarily affirmed.

4    BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S. v. US

 

    (2)  Each side shall bear its own costs.

FOR THE COURT

<u>August 26, 2022</u>                    <u>/s/ Peter R. Marksteiner</u>
Date                              Peter R. Marksteiner
                                  Clerk of Court